IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**MICHELLE L. JONES**                                                 **PLAINTIFF**
**ADC #711658**

v.                      **No: 3:21-cv-00178 KGB-PSH**

**NURHUZAL FAUST,** *et al.*                              **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Michelle L. Jones filed a *pro se* complaint on August 27, 2021 (Doc. No. 1), while incarcerated at the Arkansas Division of Corrections' (ADC) McPherson Unit. The Court granted Jones' application to proceed *in forma pauperis* and directed her to amend her complaint to clarify her claims and to describe the involvement of each defendant (Doc. Nos. 5 & 6). Jones was informed that ***only***

***claims properly set out in her amended complaint*** would be allowed to proceed. Doc. No. 6. Jones has since filed an amended complaint (Doc. No. 9). For the reasons stated herein, Jones' claims should be dismissed for failure to state a claim upon which relief may be granted.

## I.  Screening Standard

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim for relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se*

plaintiff's allegations must be construed liberally.  *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II.  Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983.

The court is not able to ascertain the nature of the claims Jones attempts to assert.  She does not clearly describe why she believes her constitutional rights have been violated or how she has been injured as a result.  She states:

> I have been on commissary/phone/visitation restrictions for multiple years during which time I've been placed in restrictive housing for reasons other than punitive and unable to purchase any hygiene or care products. Punitive inmates are allowed relief from both punitive sanctions as well as privilege restrictions every 30 days at consecutive punitive time while inmates refusing to continue to display negative behavior are denied any relief at all. I allege that the department is rewarding negative behavior by giving relief only to inmates who are in punitive isolation causing inmates who are not to display worse behavior to earn such relief of necessary items i.e. deodorant, lotion, hair grease, lip balm, telephone, etc. by seeking punitive time through the disciplinary process.  This effectively causes me to have to choose between maintaining my physical and mental well-being and maintenance versus class and good time upgrades as well as the [illegible] of disciplinaries reflected in my institutional jacket. Our sick calls are to be submitted electronically which we do not have access causing request for help and issues such as dry skin [illegible] skin bleeding hair loss as well as mental health requests to go unanswered. I have been denied several requests to review my medical jacket for the purpose of this lawsuit. I have been denied multiple dental, eyecare, and

> APN requests. The programs I have been assigned to were specifically designed to gradually increase privileges to inspire and nurture a reward system for positive behavior however the refusal to abide by the current policies and cherry-picking policies have done the exact opposite. I've been incarcerated nine years and never been sanctioned or allowed to complete extra duty detail and restrictions always come at [illegible] allowable by sanction range. Current policy says that restrictions can be applied consecutively or concurrently and that this must be specified at disciplinary court [illegible] to how the sanction is to be carried out however none of my hearing action forms indicate that I have ever been sanctioned [illegible] when there is in fact a place purposed for these labeled as additional sanctions or comments on the form at which point if I am [illegible] days restriction w/ no specification is to begin that day not consecutively as all have been applied these claims have been made to and passed through the hands of all of the defendants mentioned with deliberate indifference. The department goes even further by using restrictions as a method to deny us the use of the indigent program which allows the purchase of $12.00 of hygiene items while the other units receive monthly relief.
>
> I want the courts to hold the department accountable to this policy on disciplinary extension it's full capacity concerning consecutive sentences and extra duty as well as require a policy that allows and makes access to indigent items even on restrictions and allow inmates with mercy an equal dollar limit allowed to these inmates and that all units receive the same amount of relief as in dollar amount for items and amount of time from relief to her relief as well as assess punitive damages for the mental anguish caused by the choices I've had to make and physical suffering.

Doc. No. 9 at 5-7. To the extent Jones is claiming she has not received adequate hygiene supplies while in restrictive housing or has not been able to submit sick calls or requests, she has not described sufficient facts to support a constitutional claim based on these vague allegations. *See Bell Atlantic Corporation v. Twombly*, *supra.*

Moreover, Jones has not described the involvement of any specific defendant. In her amended complaint, Jones identifies Warden Nurhuzal Faust, Deputy Warden Billy Inman, ADC Director Dexter Payne, and Assistant ADC Director Jada Lawrence as defendants. However, she makes no mention of these defendants, by name or position, in her statement of claim. Without a recitation of relevant facts regarding the involvement of these defendants and how their actions or failure to act constituted constitutional violations,[1] Jones cannot state a claim against them. A defendant may not be held liable under § 1983 unless he was personally involved in or had direct responsibility for the constitutional violation. *See Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir. 2006) ("Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.") (internal quotations and citations omitted).

### III. Conclusion

For the reasons stated herein, it is recommended that:

1. Jones' claims be dismissed without prejudice for failure to state a claim upon which relief may be granted.

---

[1] To state a cognizable claim against a defendant in a supervisory role, an inmate must allege that the defendant was personally involved in the constitutional violation or became aware of the constitutional violation and, with deliberate indifference, failed to take corrective action. *See, e.g., Choate v. Lockhart,* 7 F.3d 1370, 1376 (8th Cir. 1993).

2. Dismissal of this action should count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation or the accompanying judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 27th day of January, 2022.

_____
UNITED STATES MAGISTRATE JUDGE